DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas that imposed sentence for a conviction of attempted corruption of a minor and found appellant to be a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"First Assignment of Error
 "Pursuant to the Ohio Constitution, R.C. § 2950.01 Et. Seq. is Unconstitutional.
"Second Assignment of Error
 "The Trial Court's Determination that Defendant-Appellant is a Sexual Predator is not Supported by Clear and Convincing Evidence."
The facts that are relevant to the issues raised on appeal are as follows. On November 10, 1998, appellant was indicted on one count of corruption of a minor in violation of R.C. 2907.04. On February 11, 1999, appellant tendered a plea of guilty, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to one count of attempted corruption of a minor. The trial court accepted the plea and the matter was referred to the Lucas County Adult Probation Department for a presentence investigation and report and to the Court Diagnostic and Treatment Center for an investigation and report. A sentencing hearing was held on March 9, 1999, at which time the trial court imposed sentence and found appellant to be a sexual predator.
In his first assignment of error, appellant asserts that R.C.2950.01 et seq. is an unconstitutional exercise of police power that unreasonably interferes with the privacy, property and liberty interests of the individual. Specifically, appellant further argues that the sexual predator statute could subject him to embarrassment or harassment, could cause neighbors to damage or destroy his property in an effort to convince him to move away, and could make it nearly impossible to gain employment.
The Supreme Court of Ohio recently addressed such challenges to the constitutionality of R.C. 2950.09 in State v.Williams (2000), 88 Ohio St.3d ___. In Williams, the court considered whether the sexual predator statute violates Section 1, Article I, of the Ohio Constitution by impinging upon the "natural law" rights of privacy, favorable reputation, the acquisition of property and the ability to pursue an occupation. Williams notes that Ohio courts have never held the rights of property or rights of liberty to be completely free of governmental restraint and that those "natural law" rights at times yield to governmental intrusion when necessary for the public good. 88 Ohio St.3d at ___. "Natural law" rights, Williams notes, are of no legal force in and of themselves. Id. Williams further states that the language in Section 1, Article I, of the Ohio Constitution is not an independent source of self-executing protections. "Rather,"Williams comments, "it is a statement of fundamental ideals upon which a limited government is created. But it requires other provisions of the Ohio Constitution or legislative definition to give it practical effect. This is because its language lacks the completeness required to offer meaningful guidance for judicial enforcement." Id. at ___. Finally, Williams held that R.C. 2950 does not violate a convicted sex offender's right of privacy, right to acquire or protect property, right to pursue an occupation or right to a favorable reputation, Id. at ___ to ___, and that R.C. 2950 "* * * is reasonable legislation because, although it impacts the lives of convicted sex offenders, the statute addresses legitimate governmental interests without a detrimental effect on individual constitutional rights." Id. at ___.
Accordingly, based on the law as set forth above, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court's finding that he is a sexual predator is not supported by clear and convincing evidence.
Pursuant to R.C. 2950.09(B)(2), in determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual misconduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved.Cross v. Ledford (1954), 161 Ohio St. 469. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard. Id. at 477.
The trial court indicated that it had considered the report of the Court Diagnostic and Treatment Center in making its determination that appellant is a sexual predator. The record in this case supports the trial court's finding. At the time the offense underlying this appeal was committed, appellant was twenty-five years old and the victim was fifteen. The record reveals that appellant has a history of criminal convictions involving sexual contact with underage females, including attempted rape of a fifteen-year-old female (appellant ultimately pled to corruption of a minor), and two convictions for contributing to the delinquency of a minor. Appellant also has convictions for breaking and entering, domestic violence and receiving stolen property. Appellant served sentences for all of the foregoing convictions. When he was twenty-two, appellant admitted to sexual conduct with a thirteen-year-old female but the charges brought against him were ultimately dismissed. The record does not reflect any participation in treatment programs for sex offenders. The report prepared by a clinical psychologist at the Court Diagnostic and Treatment Center indicated that because of extreme denial and/or defensiveness, appellant's overall responses to the psychological testing were not considered to be a valid reflection of his current level of psychological functioning. Upon consideration of the foregoing, this court finds that there was clear and convincing evidence before the trial court to support a finding that appellant is a sexual predator. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 PETER M. HANDWORK, J., JUDGE, RICHARD W. KNEPPER, P.J., JUDGE, MARK L. PIETRYKOWSKI, J., JUDGE, CONCUR.